IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ARMOND GIBSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | NO. 5:22-CV-00338-TES-CHW |
| : | |
| **MACON STATE PRISON,** *et al.***,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Armond Gibson, an inmate currently incarcerated at the Macon State Prison in Oglethorpe, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). In accordance with the Court's previous orders and instructions, Plaintiff has also submitted a proper and complete motion for leave to proceed *in forma pauperis* in this action (ECF No. 5). For the following reasons, Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 2, 5) are **GRANTED**, but Plaintiff must provide the Court with additional information concerning his claims if he wishes to proceed with this action.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His applications to proceed *in forma pauperis* (ECF Nos. 2, 5) are therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## ORDER TO AMEND OR SUPPLEMENT

Because Plaintiff is a prisoner seeking redress from a government entity, official, or employee and proceeding *in forma pauperis*, his Complaint must be screened to determine whether it states a colorable claim for relief. *See* 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e). Having conducted a cursory review of Plaintiff's claims, the Court requires

additional information to determine whether Plaintiff's substantive allegations state a claim upon which relief may be granted. Plaintiff is therefore **ORDERED** to amend and/or supplement his Complaint as directed below.

Plaintiff's claims arise from his detention at the Macon State Prison ("MSP"). Compl. 6, ECF No. 1. According to the Complaint, Plaintiff's cell caught on fire while he was sleeping on June 27, 2022. *Id.* Plaintiff contends he "repeatedly screamed for help" and "attempted to extinguish the inferno growing inside [his] cell," but to no avail. *Id.* Plaintiff "suffered severe and painful burns" to his chest, arms, and back and "damage to [his] throat and lungs from smoke inhalation." *Id.* Plaintiff contends that his "injuries were caused by Tamarshe Smith, Timothy Sales, and Christopher Knight's deliberate indifference." *Id.* More specifically, he claims that these Defendants "failed to provide & maintain safety standards & inspections due to understaffing & overpopulation." *Id.* As a result of these alleged constitutional violations, Plaintiff seeks "monetary relief" and "disciplinary action be taken on all Defendants." *Id.* at 7.

These claims are properly construed as challenging the conditions of Plaintiff's confinement. It is well-established that even though "the Constitution does not mandate comfortable prisons," a prisoner's claim that the conditions of his confinement constitute cruel and unusual punishment may state a claim for relief under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). To state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of

life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The prisoner must also show that prison officials acted with deliberate indifference, i.e., that the officials knew that the challenged conditions posed an excessive risk to the prisoner's health or safety but disregarded them. *Swain v. Junior*, 958 F.3d 1081, 1088-89 (11th Cir. 2020).

Plaintiff has failed to meet this burden in this case. Among other things, Plaintiff has not pleaded any specific facts showing that Defendants knew the conditions in Plaintiff's cell posed an excessive risk to his safety and disregarded that risk. Nor does he provide any facts supporting his contention that Defendants failed to maintain appropriate safety standards due to prison understaffing and overpopulation. But because Plaintiff is acting *pro se*, the Court will give Plaintiff an opportunity to amend or supplement his pleading to provide additional factual allegations in support of his claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it.").

If Plaintiff wishes to pursue his claims, then he is **ORDERED** to amend and/or supplement his Complaint by including additional factual information about his claims within **FOURTEEN (14) DAYS** of the date of this Order.

It is recommended that, when drafting this document, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role?   Was the defendant personally involved in the constitutional violation?   If not, did his actions otherwise cause the unconstitutional action?   How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions?   If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)   *What* did this defendant do (or not do) in response to this knowledge?

(6)   *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his amendment/supplement, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.

Plaintiff should also ensure that the case number for this case appears on his amendment/supplement. To survive preliminary review, Plaintiff must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove his claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of cause of action supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plaintiff may also wish to keep in mind as he drafts his amendment/supplement that a jail is not an entity that is capable of being sued under § 1983. *See Brannon v. Thomas Cnty. Jail,* 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (per curiam).

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 5) are **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to amend and/or supplement his Complaint as described herein. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.** Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There will be no service of process in this case until further order.

**SO ORDERED**, this 31st day of October, 2022.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge