IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ARMOND GIBSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:22-CV-00338-TES-CHW |
| | : | |
| **MACON STATE PRISON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Armond Gibson, an inmate currently incarcerated at the Macon State Prison in Oglethorpe, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). In accordance with the Court's previous orders and instructions, Plaintiff has submitted an amendment to his Complaint (ECF No. 7). Plaintiff's claims are now ripe for screening pursuant to 28 U.S.C. § 1915A and § 1915(e). For the following reasons, Plaintiff's Eighth Amendment conditions-of-confinement claims against Defendant Knight shall proceed for further factual development, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

**I.      Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*,

2

550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.  Factual Allegations

Plaintiff's claims arise from his detention at the Macon State Prison ("MSP"). Compl. 6, ECF No. 1. According to the Complaint, Plaintiff's cell caught on fire while he was sleeping on June 27, 2022. *Id.* Plaintiff contends he "repeatedly screamed for help" and "attempted to extinguish the inferno growing inside [his] cell," but to no avail. *Id.* Plaintiff "suffered severe and painful burns" to his chest, arms, and back, and "damage to [his] throat and lungs from smoke inhalation." *Id.* Plaintiff contends that his "injuries were caused by Tamarshe Smith, Timothy Sales, and Christopher Knight's deliberate indifference." *Id.* More specifically, he claims that these Defendants "failed to provide & maintain safety standards & inspections due to understaffing & overpopulation." *Id.*

As a result of these alleged constitutional violations, Plaintiff seeks "monetary relief" and that "disciplinary action be taken on all Defendants." *Id.* at 7.

### III.   Plaintiff's Claims

#### A.   Claims against Macon State Prison

As a preliminary matter, Plaintiff has named the MSP itself as a Defendant in this action. Compl. 5, ECF No. 1. A state prison, however, is not an entity capable of being sued. Federal Rule of Civil Procedure 17(b) provides that the law of the state where the court is located determines an entity's capacity to sue or be sued. Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities subject to suit: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)). MSP does not fall under any of these categories, and thus, is not an entity that may be sued under § 1983. *See id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brannon v. Thomas Cnty. Jail,* 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (per curiam); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"). Plaintiff's claims against MSP should therefore be dismissed.

4

B. <u>Eighth Amendment Conditions of Confinement Claims against Defendants Smith, Sales, and Knight</u>

Plaintiff's allegations give rise to a claim that the individual Defendants violated his constitutional rights by failing to ensure the safety of his cell.  It is well-established that even though "the Constitution does not mandate comfortable prisons," a prisoner's claim that the conditions of his confinement constitute cruel and unusual punishment may state a claim for relief under the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  To state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities."  *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015).  This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993).  The prisoner must also show that prison officials acted with deliberate indifference, i.e., that the officials knew that the challenged conditions posed an excessive risk to the prisoner's health or safety but disregarded them. *Swain v. Junior*, 958 F.3d 1081, 1088-89 (11th Cir. 2020).

In this case, Plaintiff has alleged that he complained about the lack of a working sprinkler in his cell to Defendant Knight—the unit manager—on multiple occasions. Am. Compl. 1, ECF No. 7. In addition, Plaintiff contends that even after the fire he complained to Defendant Knight that his cell still did not have a working sprinkler, but Defendant Knight failed to take any action to rectify the situation. *Id.* at 1. At this early stage, the Court therefore cannot say that Plaintiff's Eighth Amendment conditions-of-confinement claims against Defendant Knight are entirely frivolous. *See Ivory v. Warden*, 600 F. App'x 670, 677 (11th Cir. 2015) (per curiam) (observing "that a complete lack of fire extinguishers or other fire-safety measures could pose an unreasonable risk of serious harm to an inmate's health or safety"). They shall therefore proceed for further factual development.

Despite being instructed to provide specific allegations concerning each named Defendant in this action in his Amended Complaint, Plaintiff did not plead any facts in either the body of his Complaint or his Amended Complaint explaining why Defendants Smith and Sales should be held responsible for any Eighth Amendment violation in this case. Plaintiff's claims against these Defendants could be dismissed for this reason alone. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

To the extent Plaintiff intended for these Defendants to be held liable simply because they are supervisors at the prison, it is well-settled in the Eleventh Circuit that

6

supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff has not alleged facts sufficient to show there has been a history of similar incidents at the prison, an improper custom or policy, or that either supervisory Defendant directed their subordinates to act unlawfully or knew they were doing so. Plaintiff has therefore failed to state an actionable claim against Defendants Smith and Sales and any such claims should be dismissed.

### C. Eighth Amendment Medical Treatment Claims

Plaintiff next suggests that he did not receive adequate medical treatment for the "moderate" to "severe" burns he suffered in this incident. Am. Compl. 1, ECF No. 1.

Plaintiff also contends that his asthma has worsened due to the smoke he inhaled during the fire. *Id.* Plaintiff's allegations could give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

Significant burns and asthma could both be considered serious medical needs for purposes of preliminary screening. But Plaintiff has failed to allege facts sufficient to show that any named Defendant in this action was deliberately indifferent to Plaintiff's

serious medical needs. Plaintiff acknowledges that he was prescribed "Silver Sulfadazine Cream USP 1%" to treat his burns, and he does not allege any facts indicating that this treatment was ineffective. Am. Compl. 1, ECF No. 7. When an inmate has received some medical care, courts are reluctant to find an Eighth Amendment violation unless the inmate also shows, for example, that the care was "grossly incompetent" or that the provider chose "an easier but less efficacious course of treatment." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989). Plaintiff has also failed to describe any symptoms caused by either of his medical conditions, explain what treatment he should have been provided but did not receive, or plead any facts associating any named Defendant with this alleged lack of care. Plaintiff's medical treatment claims are therefore too vague and conclusory to state a claim upon which relief may be granted, and they should be dismissed without prejudice.

## IV. Conclusion

Based on the foregoing, Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendant Knight shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**[1]

---

[1] Plaintiff appears to request his release from prison in this action. Am. Compl. 2, ECF No. 7. A prisoner cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). To the extent Plaintiff seeks his release from prison as a remedy for the

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Knight, it is accordingly **ORDERED** that service be made on that Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. All Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and

---

constitutional violations he alleges, such relief is not available in this case.

all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

11

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 28th day of November, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge